THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION



UNITED STATES OF AMERICA

v.  　　　　　　　　　　　　　　　　　CRIMINAL NO. 2:20-cr-16-KS-MTP

THOMAS "TOMMY" WILBURN SHOEMAKER

### AGREED PRELIMINARY ORDER OF FORFEITURE

Pursuant to a separate Plea Agreement and Plea Supplement between the Defendant, **THOMAS "TOMMY" WILBURN SHOEMAKER** (hereinafter the "Defendant"), by and with the consent of his attorney, and the **UNITED STATES OF AMERICA** (hereinafter the "Government"), the parties agree that the following findings are correct and stipulate to the adjudications made herein.   Accordingly, the Court finds as follows:

1. Pursuant to a written plea agreement and plea supplement, the Defendant has pleaded guilty to Count 2 of the Indictment, which charges him with engaging in a conspiracy to defraud the United States and solicit, receive, offer, and pay illegal kickbacks, in violation of 18 U.S.C. § 371.   The Court has now found the Defendant guilty of that offense.

2. As a part of his plea agreement and plea supplement, the Defendant has stipulated to the immediate entry of a Preliminary Order of Forfeiture, under 18 U.S.C. § 982(a)(7) and Federal Rule of Criminal Procedure 32.2(b)(2), against him imposing a forfeiture money judgment in the amount of at least $672,538.19, a sum that the parties agree—and the Court hereby finds—equals the amount of the gross proceeds that the Defendant personally obtained, directly or indirectly, a result of the conspiracy to defraud the United States and solicit, receive, offer, and pay illegal kickbacks, as charged in Count 2 of the Indictment, to which the Defendant has pleaded guilty.   *See* Plea Supplement,

1

¶ 11(a).

3. As a part of his plea agreement and plea supplement, the Defendant has further stipulated to the immediate entry of a Preliminary Order of Forfeiture, under 18 U.S.C. § 982(a)(7) and Federal Rule of Criminal Procedure 32.2(b)(2), preliminarily forfeiting following assets (hereinafter the "**Subject Property**"):

| Criminal Forfeiture Identifier | Identifier from parallel Civil Case *United States v. Real Property Located at 19 Crane Park*, 2:18-cv-165-KS-MTP | Asset Description |
|---|---|---|
| B2 | B-007 | Approximately $45,398.84 currently being held in the USDOJ Seized Asset Deposits Fund, which represents the net proceeds of the government's sale of a 2008 Porsche 911, VIN WPOCD299X8S788297, Tag MS P034J, with all attachments thereon, formerly registered to Thomas Shoemaker. |
| B3 | B-008 | Approximately $9,442.78 currently being held in the USDOJ Seized Asset Deposits Fund, which represents the net proceeds of the government's sale of a 2014 Mercedes Benz C Class, VIN WDDGJ7HB5EG187198, Tag MS HYR410, with all attachments thereon, registered to Farm007, LLC or Thomas Shoemaker. |

*See* Plea Supplement, ¶ 11(b). The Defendant has further stipulated that the above assets constitute or were derived, directly or indirectly, from gross proceeds traceable to his involvement in the conspiracy to defraud the United States and solicit, receive, offer, and pay illegal kickbacks charged in Count 2 of the Indictment, and to which he has pleaded guilty. The Defendant stipulates and agrees that the conspiracy to defraud the United States and solicit, receive, offer, and pay illegal kickbacks, charged in Count 2 of the Indictment, was integral to the successful operation of the overall health care fraud conspiracy charged in Count 1 of the Indictment and therefore that the Defendant would not have obtained above-referenced seized funds and property

items "but for" the offense of conviction charged in Count 2 of the Indictment. The Defendant has therefore stipulated—and the Court hereby finds—that the above assets, in their entirety are subject to forfeiture under 18 U.S.C. § 982(a)(7). *See* Plea Supplement, ¶ 11(b) & (c).

Upon consideration of the parties' stipulations of fact and stipulations to the entry of a preliminary order of forfeiture under Rule 32.2 of the Federal Rules of Criminal Procedure having the above-described terms,

IT IS HEREBY ORDERED AND ADJUDGED AS FOLLOWS:

a. The Court hereby imposes against the Defendant a money judgment of forfeiture in the amount of at least $672,538.19.

b. The Court hereby preliminarily forfeits to the United States, as directly forfeitable under 18 U.S.C. § 982(a)(7), all right, title, and interest in the following **Subject Property items:**

 1. Asset B2—Approximately $45,398.84 currently being held in the USDOJ Seized Asset Deposits Fund, which represents the net proceeds of the government's sale of a 2008 Porsche 911, VIN WPOCD299X8S788297, Tag MS P034J, with all attachments thereon, formerly registered to Thomas Shoemaker;

 2. Asset B3— Approximately $9,442.78 currently being held in the USDOJ Seized Asset Deposits Fund, which represents the net proceeds of the government's sale of a 2014 Mercedes Benz C Class, VIN WDDGJ7HB5EG187198, Tag MS HYR410, with all attachments thereon, registered to Farm007, LLC or Thomas Shoemaker.

c. The United States Marshals Service or its duly authorized representative shall promptly seize all of the above-identified amounts of seized funds and personal

property items.

d. The United States may conduct any discovery it considers necessary to identify, locate, or dispose of the property subject to direct forfeiture or as substitute assets.

e. Under Title 21, United States Code, Section 853(n)(1), the United States shall publish notice of this order and of its intent to dispose of the above-referenced property items according to law.

f. The United States shall also, to the extent practicable, provide written notice to any person the United States knows to have an alleged interest in the subject property.

g. Any person who asserts a legal interest in the subject property, other than the Defendant, may, within thirty days of the final publication of notice or receipt of notice, whichever is earlier, petition the court for a hearing without a jury to adjudicate the validity of his alleged interest in the subject property, and for an amendment of the Order of Forfeiture, pursuant to 21 U.S.C. § 853(n).

h. Pursuant to Fed. R. Crim. P. 32.2(b)(4), this Preliminary Order of Forfeiture shall become final as to the Defendant at the time of sentencing and shall be made part of the sentence and included in the judgment. If no third-party files a timely claim and the court finds that the defendant had an interest in the subject property that is subject to forfeiture, then the court is to enter a Final Order of Forfeiture as to the subject property, as provided by Fed. R. Crim. P. 32.2(c)(2).

i. Any petition filed by a third party asserting an interest in the subject property shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the subject property, the time

        and circumstances of the petitioner's acquisition of the right, title or interest in the subject property, any additional facts supporting the petitioner's claim, and the relief sought.

j.    The United States shall have clear title to the subject property following the Court's disposition of all third-party interests, or, if none, following the expiration of the period provided in 21 U.S.C. § 853(n)(2), which is incorporated by 18 U.S.C. § 982(b) and 28 U.S.C. § 2461(c), for the filing of third-party petitions.

k.  The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

SO ORDERED AND ADJUDGED this 30th day of ~~October~~ November 2021.

_____
UNITED STATES DISTRICT JUDGE

AGREED:

DARREN J. LAMARCA
Acting United States Attorney

_____        October 20, 2021
Kathlyn Van Buskirk                   Date
Assistant United States Attorney

_____        10/20/2021
Emily Cohen                           Date
Alejandra Arias
Trial Attorneys
United States Department of Justice
Money Laundering and Asset Recovery Section,
Criminal Division

_____        10-29-2021
Thomas "Tommy" Wilburn Shoemaker      Date
Defendant

_____        10/29/2021
John Weber                            Date
Attorney for Defendant

6